**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4058**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

RUBEN JUAREZ GONZALEZ,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Terrence W. Boyle, District Judge. (7:09-cr-00070-BO-3)

Submitted: November 29, 2010   Decided: December 14, 2010

Before WILKINSON, AGEE, and DAVIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Geoffrey W. Hosford, HOSFORD & HOSFORD, P.C., Wilmington, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Michael G. James, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ruben Juarez Gonzalez was convicted of: conspiracy to distribute and to possess with intent to distribute 500 grams or more of cocaine, 21 U.S.C. §§ 841(a)(1), 846 (2006); possession with intent to distribute more than 500 grams of cocaine and aiding and abetting the same, 21 U.S.C. § 841(a)(1) (2006), 18 U.S.C. § 2 (2006); illegal entry, 8 U.S.C. § 1325(a) (2006); and false representation of United States citizenship, 18 U.S.C. § 1325(a) (2006). He received an aggregate sentence of seventy-eight months. Gonzalez now appeals, contending that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal with respect to the two drug charges. We affirm.

"We review de novo the district court's ruling on a motion for judgment of acquittal and . . . will uphold the verdict if, viewing the evidence in the light most favorable to the government, it is supported by substantial evidence." United States v. Reid, 523 F.3d 310, 317 (4th Cir.), cert. denied, 129 S. Ct. 663 (2008). "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Id. (internal quotation marks omitted). We "can reverse a conviction on insufficiency grounds only when the prosecution's failure is clear." United States v.

2

Moye, 454 F.3d 390, 394 (4th Cir. 2006) (en banc) (internal quotation marks omitted). We review both direct and circumstantial evidence and permit "the government the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). We "do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the government." United States v. Sun, 278 F.3d 302, 312 (4th Cir. 2002).

To convict Gonzalez of conspiracy under 21 U.S.C. § 846, the government had to prove "(1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy." United States v. Kellam, 568 F.3d 125, 139 (4th Cir.), cert. denied, 130 S. Ct. 657 (2009) (internal quotation marks omitted). "After a conspiracy is shown to exist, . . . the evidence need only establish a slight connection between the defendant and the conspiracy to support the conviction." Id. (internal quotation marks omitted).

Testimony at trial established that "Maurice" and "Primo" visited confidential informant Anthony Caldwell and asked if he wanted to purchase one kilogram of cocaine. Caldwell testified that a third individual, "Rudy," was known to

3

be Maurice's supplier. Caldwell replied that he could only afford one-half kilo but that he had a buyer for the remainder. Caldwell contacted authorities, alerting them to the impending transaction. The next day, Maurice, Rudy, and Gonzalez traveled to Caldwell's residence. Maurice drove one truck, while Gonzalez drove Rudy in another truck. While traveling to the residence, Maurice and Rudy had numerous telephone conversations with Caldwell about the deal. Cell phone records disclosed that two phones belonging to Gonzalez were used during some of these calls. The conversations were recorded.

After Maurice, Rudy and Gonzalez arrived at the Caldwell residence, Caldwell spoke to Rudy and Maurice about the impending transaction. Gonzalez heard some of the conversations. Caldwell left the property and returned with an undercover officer, James Yowell, who posed as a potential buyer of one-half of the cocaine. Gonzalez saw Maurice retrieve the bundle of cocaine from his truck, and he entered the residence with Yowell, Caldwell, Maurice, and Rudy. The men went to the kitchen. Gonzalez was described as calm, and he said nothing when Yowell cut the bundle open to inspect the drug. Yowell testified that Gonzalez positioned himself so as to block the exit from the kitchen.

Caldwell and Yowell left the residence on the pretext of having to get money to pay for the cocaine. When they did

4

not return, Rudy, Maurice, and Gonzalez left the residence. Police soon initiated traffic stops of the trucks Gonzalez and Maurice were driving. Inside the Gonzalez truck, they found five cell phones. Two belonged to Gonzalez, and three to Rudy.

This evidence was sufficient to convict Gonzalez of conspiracy. There clearly was an agreement among at least two persons to violate the drug laws. Gonzalez's knowledge of and participation in the conspiracy are established by his driving Rudy to the Caldwell residence, the use of his two cell phones — presumably to discuss the impending transaction — during the drive, his hearing conversations at the residence about drugs and money, his calm and unquestioning demeanor when Yowell cut open the bundle of cocaine, and his blocking the exit from the kitchen.

With respect to Count Two, the government was required to prove "(1) possession of the controlled substance; (2) knowledge of the possession; and (3) intent to distribute." See United States v. Hall, 551 F.3d 257, 267 n.10 (4th Cir. 2009). "A defendant is guilty of aiding and abetting if he has knowingly associated himself with and participated in the criminal venture." United States v. Burgos, 94 F.3d 849, 873 (4th Cir. 1996) (en banc) (internal quotation marks omitted); see 18 U.S.C. § 2(a). To prove association, the government need only establish that the defendant was "cognizant of the

5

principal's criminal intent and the lawlessness of his activity." Burgos, 94 F.3d at 873. "[P]articipation in every stage of an illegal venture is not required, only participation at some stage accompanied by knowledge of the result and intent to bring about that result." United States v. Arrington, 719 F.2d 701, 705 (4th Cir. 1983) (internal quotation marks omitted).

The evidence discussed above was sufficient to convict Gonzalez of aiding and abetting the possession with intent to distribute cocaine. He clearly was cognizant of the intent of Maurice and Rudy to distribute the cocaine, and he participated in the offense by, for instance, driving Rudy to and from the Caldwell residence, allowing the use of his cell phones to facilitate the anticipated transaction, and blocking the exit from the kitchen while the cocaine was inspected.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED